IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY COLEMAN,

                 Plaintiff,

v.                                                                               ORDER

JIM SCHROADER, SERGEANT ROPER,                                 20-cv-647-jdp
JOHN DOE NO. 3, and DAVE MAHONEY,

                 Defendants.

Plaintiff Timothy Coleman, appearing pro se, is currently incarcerated at Dane County Jail. Coleman alleges that defendant Dane County Sheriff's Office officials used excessive force in trying to overcome his resistance to having his fingerprints taken. I granted him leave to proceed on constitutional claims against three "John Doe" officers who harmed him in attempting to take his fingerprints.

Coleman has identified two of the three Does as Jim Schroader and Sergeant Roper. Coleman filed a motion to order counsel for nominal defendant Mahoney to identify the third Doe defendant; I responded by directing Mahoney to treat that motion as an interrogatory aimed at ascertaining the identity of the remaining Doe defendant. Dkt. 28, at 1–2. I told Coleman to file a motion to compel discovery if he was dissatisfied with Mahoney's response, *see id.* at 2, but Coleman has not done so, nor has he filed a submission naming the third Doe. I will give Coleman a final chance to either name the third Doe or submit a motion to compel explaining why Mahoney's response to his interrogatory is inadequate. If Coleman does not respond by the deadline set below, I will dismiss the third Doe and the case will proceed against only Schroader and Roper.

Coleman sent directly to the court a set of interrogatories about substantive issues aimed at defendants Schroader, Roper, and Mahoney. Dkt. 32–34. The clerk of court responded that discovery requests should be sent directly to the defendants rather than the court. *See* Dkt. 35. Coleman followed with a letter stating that he did not know the addresses of defendants' counsel because his legal papers had been taken while he was housed at Mendota Mental Health Institute. Dkt. 36. I will direct the clerk of court to send Coleman a copy of the court's docket for this case, which includes the address for defendants' counsel. If Coleman is missing other documents from the docket he may request copies from the clerk of court.

Coleman has submitted a motion for summary judgment. Dkt. 41. As with his summary judgment motion in another of his cases, No. 20-cv-648-jdp, Coleman's one-page motion doubles as a brief, but the filing does not comply with this court's procedures to be followed on summary judgment. Coleman does not provide a separate document containing numbered proposed findings of fact and he does not include evidence supporting his motion. I will deny his motion without prejudice. If he chooses to refile the motion, he will need to follow this court's procedures, which the court has sent to him in the '648 case. He should also wait until defendants are ready to respond. Defendants have filed a motion to defer briefing on the summary judgment motion in part because the third John Doe defendant has not been named and because they have been unable to reach an agreement with Coleman on his authorization for release of his medical records. Dkt. 43. I will deny defendants' motion as moot because I am already denying Coleman's summary judgment motion. Before filing another summary judgment motion, Coleman should work with defendants on identifying the third Doe and authorizing release of relevant medical records.

x

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Coleman may have until November 2, 2021, to file either a document identifying the third Doe defendant or a motion to compel regarding his interrogatory aimed at naming that Doe defendant.

2. The clerk of court is directed to send plaintiff a copy of the docket sheet.

3. Plaintiff's motion for summary judgment, Dkt. 41, is DENIED without prejudice.

4. Defendants' motion to defer briefing, Dkt. 43, is DENIED as moot.

Entered October 19, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge